FILED

2005 May-31  PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| LAURA HARVEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CA No. CV-05-0139-DAR |
| | ) | |
| CITY OF FYFFE, ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF STEVE DUTTON

Defendant Dutton answers the complaint in this case as follows:

1.    Said defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 1 of the complaint; hence, such allegations are denied.

2.    The allegations of paragraph 2 of the complaint are admitted.

3.    The allegations of paragraph 3 of the complaint are denied.

4.    The allegations of paragraph 4 of the complaint are denied.

5.    The allegations of paragraph 5 of the complaint are denied.

6.    The allegations of paragraph 6 of the complaint are denied.

7.    The allegations of paragraph 7 of the complaint are denied.

8.    The allegations of paragraph 8 of the complaint are denied.

9.    The allegations of paragraph 9 of the complaint are denied.

10.    The allegations of paragraph 10 of the complaint are denied.

11.    The allegations of paragraph 11 of the complaint are denied.

12.    The allegations of paragraph 12 of the complaint are denied.

13.     The allegations of paragraph 13 of the complaint are denied.

14.     The allegations of paragraph 14 of the complaint are denied.

15.     The allegations of paragraph 15 of the complaint are denied.

16.     The allegations of paragraph 16 of the complaint are denied.

17.     The allegations of paragraph 17 of the complaint are denied.

18.     The allegations of paragraph 18 of the complaint are denied.

19.     The allegations of paragraph 19 of the complaint are denied.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendant Dutton has qualified immunity from the plaintiff's claims under 42 U.S.C. § 1983.

## THIRD DEFENSE

There is no causal connection between any act or omission of said defendant and any contention by plaintiff that her civil rights were violated.

## FOURTH DEFENSE

There is no basis in fact for the claims of the plaintiff that her civil or constitutional rights were violated.

## FIFTH DEFENSE

Said defendant is not guilty of the things and matters alleged in the complaint in this case.

2

## SIXTH DEFENSE

Any recovery against said defendant for plaintiff's state law tort claims is subject to the aggregate $100,000 limitation on recovery contained in §§ 11-93-2 and 11-47-190, <u>Code of Alabama</u> (1975).

## SEVENTH DEFENSE

The plaintiff was contributorily negligent regarding the matters at issue in this case.

## EIGHTH DEFENSE

The plaintiff assumed the risk of her injuries and damages in this case.

## NINTH DEFENSE

The injuries and damages to the plaintiff were not caused by any wrongful act or omission of said defendant.

## TENTH DEFENSE

Any force utilized with regard to the matters at issue in this case was authorized under § 13A-3-27, <u>Code of Alabama</u> (1975).

## ELEVENTH DEFENSE

Any force utilized with regard to the matters at issue in this case was authorized under § 13A-3-22, <u>Code of Alabama</u> (1975).

## TWELFTH DEFENSE

Any injuries and damages suffered by the plaintiff were caused by her own actions.

## THIRTEENTH DEFENSE

Any force utilized with regard to the plaintiff was reasonable and necessary given the

3

circumstances at hand.

### FOURTEENTH DEFENSE

Any force utilized with regard to the plaintiff was reasonable under the circumstances as the same reasonably appeared to said defendant.

### FIFTEENTH DEFENSE

Defendant Dutton can have no liability for plaintiff's Fourth Amendment excessive force claims asserted under 42 U.S.C. § 1983 because no force beyond that which was reasonably necessary and constitutionally appropriate under the circumstances was utilized with regard to the plaintiff.

### SIXTEENTH DEFENSE

Defendant Dutton can have no liability for plaintiff's excessive force claims asserted under 42 U.S.C. § 1983 because only *de minimis* force was utilized with regard to the plaintiff.

### SEVENTEENTH DEFENSE

Defendant Dutton is entitled to discretionary function immunity under § 895(D) of the Restatement 2d of Torts from the plaintiff's state law claims in this case.

### EIGHTEENTH DEFENSE

Defendant Dutton is entitled to discretionary function immunity under § 6-5-338, Code of Alabama (1975), from the plaintiff's state law claims in this case.

### NINETEENTH DEFENSE

To the extent plaintiff is claiming punitive damages against defendant Dutton, said

defendant states as follows:

The award of punitive damages as claimed by plaintiff violates Article I, § 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments of the Constitution of the United States and Article I, § 6, of the of the <u>Alabama Constitution of 1901</u> on the following separate and several grounds:

a.      The civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

b.      The civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

c.      The civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

d.      The civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants.

e.      The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

f.      The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

g.      The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less

than that applicable to the imposition of criminal sanctions.

        h.      The civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

        i.      The civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

        j.      The civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

        k.      The standards of conduct upon which punitive damages are awarded are vague.

        l.      The civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

        m.      The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

        n.      The civil procedures pursuant to which punitive damages are awarded permit the imposition or arbitrary, capricious or oppressive penalties.

        o.      The civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages.

6

TWENTIETH DEFENSE

There are no facts which would justify the imposition of punitive damages against said defendant.

TWENTY-FIRST DEFENSE

Plaintiff is not entitled to recover punitive damages against said defendant under the standards set forth in § 6-11-20, Code of Alabama (1975).

TWENTY-SECOND DEFENSE

The plaintiff's state law claims against said defendant in this action are barred by the doctrine of substantive immunity.

_____
George W. Royer, Jr.

LANIER FORD SHAVER & PAYNE, P.C.
200 West Side Square
Suite 5000
Huntsville, AL 35801
(256) 535-1100

Attorneys for Defendant Steve Dutton

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel as listed below by depositing a copy of same in the United States mail, postage prepaid and properly addressed to:

> Patrick M. Lamar, Esquire
> Lamar & Associates, LLC
> 303 Williams Avenue, SW, Suite 221A
> Huntsville, Alabama 35801-6001

on this the ___27___ day of May, 2005.

George W. Royer, Jr.

8